IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 17-cr-00010-RBJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**1.**    **MARIA SANTOS**,
2.    JAVIER FERNANDO TORRES-FLORES,
3.    JOSHUA GENE EALY,

       Defendants.

---

## MOTION FOR STATUTORY SENTENCE

---

Maria Santos informs the Court and Counsel that, pursuant to the guidance cited below she may request a sentence below the advisory guideline range.

### The Standard

1.    This Court well knows that since *United States v. Booker*, 543 U.S. 220 (2005), the range of sentencing options has been significantly broadened. *See Gall v. United States*, 552 U.S. 38 (2007) (finding a sentence outside the Guidelines to be reasonable); *Kimbrough v. United States,* 552 U.S. 85 (2007) (noting that courts may vary from Guideline ranges based solely on policy considerations, including a disagreement with the Guidelines); *Rita v. United States*, 551 U.S. 338 (2007) (holding that a district court may consider arguments that the Guidelines sentence itself fails properly to reflect § 3553(a) considerations); *Cunningham v. California*, 549 U.S. 270 (2007) (stating that judges are no longer tied to the sentencing range indicated in the Guidelines, but are obliged only to take into account that range along with the

sentencing goals Congress enumerated in 18 U.S.C. § 3553(a) of the Sentencing Reform Act); *Spears v. United States*, 129 S. Ct. 840 (2009) (district court may categorically reject the advice of a Guideline). A district court must "give respectful consideration to the Guidelines," but is permitted "to tailor the sentence in light of other statutory concerns as well." *Kimbrough*, 552 U.S. at 101 (internal quotations omitted).

2. 18 U.S.C. § 3553(a) requires that a court impose a sentence "sufficient but not greater than necessary" to achieve the sentencing purposes under 3553(a)(2). Section 3553(a)(2) cites the need for each sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, medical or other correctional treatment. And the court, in determining the particular sentence shall consider the nature and circumstances of the offense and the history and characteristics of the defendant, pursuant to § 3553(a)(1).

                Respectfully submitted,

                VIRGINIA L. GRADY
                Federal Public Defender

                s/Robert W. Pepin
                ROBERT W. PEPIN
                Assistant Federal Public Defender
                633 17th Street, Suite 1000
                Denver, CO  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                robert.pepin@fd.org
                Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2017, I electronically filed the foregoing *Motion for Statutory Sentence* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Beth N. Gibson, Assistant United States Attorney
    E-mail:  Beth.Gibson@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Maria Santos (via mail)
    Register No. 43960-013

                                      s/Robert W. Pepin
                                      ROBERT W. PEPIN
                                      Assistant Federal Public Defender
                                      633 17th Street, Suite 1000
                                      Denver, CO  80202
                                      Telephone:  (303) 294-7002
                                      FAX:  (303) 294-1192
                                      robert.pepin@fd.org
                                      Attorney for Defendant